IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Basil Davis,                          :
                    Petitioner        :
                                      :
        v.                            :
                                      :
Pennsylvania Parole Board,            :   No. 606 C.D. 2025
                    Respondent        :   Submitted: June 16, 2026

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                        FILED: August 12, 2026


        Basil Davis (Davis) petitions for review of the April 14, 2025, order of
the Pennsylvania Parole Board (Board), which denied his administrative appeal from
the Board's November 26, 2024, order recommitting him to prison as a convicted
parole violator, denying him credit for time at liberty on parole, and recalculating
the maximum sentence date of his prior conviction.  Upon review, we affirm.


                            **I.  Background**

        In February 2008, Davis pleaded guilty to multiple robbery charges and
was sentenced to prison with a maximum date of July 11, 2021.  Certified Record
(C.R.) at 6.[1]  He was first released on parole in January 2014.  *Id*. at 10.  He was then
arrested in November 2014 on new charges of receiving stolen property and was
ultimately recommitted as a convicted parole violator in May 2017 with a new

_____
        [1] Certified Record (C.R.) references are to electronic pagination.

maximum sentence date of June 30, 2023. *Id*. at 18-19 & 23. Relevant to this appeal, he was again released on parole in July 2019. *Id*. at 27 & 31.

The Board's supervision history indicates that Davis tested positive for marijuana shortly after his July 2019 release and then again in October 2020. C.R. at 57. He was declared delinquent in October 2020 for failure to report to parole authorities; he also had an open warrant for firearms possession offenses at that time. *Id*. On February 9, 2021, he was arrested on that warrant when multiple firearms were found in his residence; the Board issued a detainer warrant that same day. *Id*. at 38 & 57. On April 8, 2021, the Board issued a decision detaining Davis pending disposition of the new criminal charges. *Id*. at 39. Parole personnel recommended that Davis be recommitted as a technical parole violator based on his prior "failure to report as well as the firearms involvement in his new charges." *Id*. at 57. On May 5, 2021, the Board issued a decision recommitting Davis for the technical violation of failing to report, which the record reflects he admitted at an April 27, 2021, preliminary parole hearing. *Id*. at 40 & 57. The May 2021 decision stated that after six months in custody without incident, Davis would be "re[-]paroled automatically" as to the technical violation. *Id*. at 40. The May 2021 decision also refers to the Board's April 2021 decision detaining Davis pending the outcome of the new criminal charges. *Id*.

When Davis's prior maximum sentence date of June 30, 2023, elapsed, he was in custody on the new firearms charges. C.R. at 57. He ultimately pleaded guilty in federal court in May 2024 to making false statements to a federally licensed firearms dealer and in a state court in September 2024 to prohibited possession of a firearm, which was based on his past felony robbery convictions; both new convictions entailed prison sentences. *Id*. at 48 & 57. Parole personnel

recommended recommission as a convicted parole violator due to the "serious nature" of his new convictions. *Id*. at 57.

Davis's revocation hearing, at which he was represented by appointed counsel, was held on November 13, 2024. C.R. at 59. The parole representative testified that Davis was deemed delinquent prior to the February 2021 arrest on the new firearms charges and presented Davis's federal and state convictions on those charges, which Davis's counsel acknowledged. *Id*. at 65-68 & 71. Davis testified that while on parole since 2019, he got married and started a business and that he now has a support system in place and wants to improve his life. *Id*. at 70-71.

On November 24, 2024, the hearing officer issued his report. C.R. at 111. The report recommended that Davis be recommitted for three years as a convicted parole violator based on his previous poor adjustment to parole and his convictions on the new firearms charges, which the report's checkboxes characterized as "serious/assaultive" in nature. *Id*. at 120. The report recommended that credit for time at liberty be denied due to Davis's "prior parole failure" and conviction of "a new offense involving possession of a weapon thereby warranting" the denial. *Id*. at 116. A Board member signed off on the report on November 24, 2024. *Id*.

On November 26, 2024, the Board issued its formal decision and order recommitting Davis as a convicted parole violator and recalculating his maximum sentence date from June 30, 2023, to the new date of May 26, 2028. C.R. at 149 & 152. The Board determined that Davis had 1,459 days due on his original sentence, minus 125 days of back-time in custody on the new charges, and that he formally returned to custody for recalculation purposes on September 30, 2024, after his second new conviction. *Id*. The Board also modified its prior May 2021 decision

3

recommitting Davis for the technical "failing to report" violation by "deleting" the previous condition that Davis would be automatically re-paroled on the technical violation after six months in custody without incident. *Id*. at 152; *see also id*. at 40.

Davis filed a timely administrative appeal asserting that the Board's actions in recommitting him and denying him credit for time at liberty on parole, known as "street time," improperly extended his sentence beyond the Board's authority and violated his constitutional due process, separation of powers, and double jeopardy protections. C.R. at 154-55. On April 14, 2025, the Board issued its decision and order denying Davis's administrative appeal and affirming its prior determination. *Id*. at 160. Davis timely filed a counseled appeal to this Court, which is now ripe for disposition.

## II. Issues

Davis first asserts that the Board's April 2025 order wrongly recommitted him as both a technical and convicted parole violator based on the new firearms charges. Davis's Br. at 11-14.[2] Next, he argues that the Board abused its discretion when it denied him street time credit based solely on his new firearms convictions without conducting an individualized assessment. *Id*. at 14-17. Lastly, Davis asserts that in the alternative, street time credit should not have been denied because the new firearms convictions were not "assaultive" in nature. *Id*. at 17.[3]

---

[2] Davis's brief has no page numbers; as such, references are to electronic pagination.

[3] This Court's review of the Board's action "is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred, or whether constitutional rights were violated." *Bailey v. Pa. Parole Bd.*, 323 A.3d 259, 263 n.8 (Pa. Cmwlth. 2024).

4

## III.  Discussion

### A.  Technical Parole Violation

A parolee cannot commit a technical parole violation after he is returned to custody because he is no longer "on parole" within the meaning of the Prisons and Parole Code, 61 Pa.C.S. §§ 101-7301.  *Miller v. Pa. Bd. of Prob. & Parole*, 837 A.2d 618, 623 (Pa. Cmwlth. 2003) (citing Section 21.1 of the former Parole Act, 61 P.S. § 331.21a(a), *repealed by* the Act of August 11, 2009, P.L. 147, which was the predecessor of 61 Pa.C.S. § 6138(c)).  Relatedly, "a parolee may not be recommitted as a technical violator based upon an act constituting a new crime of which he is convicted."  *Rivenbark v. Pa. Bd. of Prob. & Parole*, 501 A.2d 1110, 1114 (Pa. 1985).  In *Rivenbark*, the Board exceeded its authority when it recommitted the parolee as both a technical and convicted parole violator, with both violations based solely upon his possession of a firearm.  *Id*. at 1112.  This was because Section 21.1(b) of the former Parole Act expressly excluded commission of a new crime from the reasons one may be recommitted as a technical violator.  *Id*. at 1114.

Davis asserts that he "has received no decision which specifies the reasoning behind the technical parole violation" but contends that the new criminal charges "were likely a part of this reasoning."  Davis's Br. at 13.  He avers that based on *Rivenbark*, he could not be recommitted for technical violations and as a convicted parole violator for the same underlying conduct, specifically the new firearms offenses that led to his February 2021 arrest.  *Id*.  The Board's April 2025 opinion stated that Davis's May 2021 recommitment on technical violations for failure to report was distinct from his subsequent parole violation conviction based

5

on his guilty pleas in 2024 to the new federal and state firearms offenses. C.R. at 161. In its brief, the Board reiterates that position. Board's Br. at 8.

The Board is correct. The record reflects overlapping timeframes for the Board's actions regarding Davis's technical and criminal parole violations, but the reasons for those actions are distinct from each other. The Board's supervision history stated that in October 2020, Davis was declared delinquent based on failure to report. C.R. at 57. While that delinquency was pending, Davis was arrested in February 2021 on an open warrant for possessing firearms as a convicted felon. *Id*. On April 8, 2021, the Board issued a decision detaining Davis pending disposition of the new firearms charges against him. *Id*. at 39. On May 5, 2021, the Board issued a decision referring to the April 2021 detention on the new criminal firearms charges but also formally recommitting Davis on the technical violation of failure to report to parole authorities. *Id*. at 40. The May 2021 decision stated that if Davis remained in good standing while back in prison, he would be automatically re-paroled from his technical violation in August 2021, six months after the February 2021 arrest that placed him back in custody. *Id*. Contrary to Davis's allegations, the Board's May 2021 decision did not indicate that his technical violation was related to or based on the new firearms charges, which at that time were still charges and not yet convictions.

Davis's technical violation was next addressed in the Board's November 26, 2024, decision deeming him a convicted parole violator based on his new firearms convictions. C.R. at 152. The November 2024 decision referred to the May 2021 action recommitting Davis on the technical "failure to report" violation and modified that action by "deleting" the prior condition that upon completion of six months' time on the technical violation, Davis would be automatically re-

6

paroled. This modification reflected that since the Board's May 2021 decision, Davis had been recommitted as a convicted parole violator for a three-year term based on his 2024 guilty pleas and convictions. However, nothing in the record or the Board's May 2021 or November 2024 decisions supports Davis's allegation that his technical violation was based on the new firearms convictions rather than his prior failure to report. Similarly, nothing in the record or these decisions suggests that Davis was subjected to an additional technical violation based on the new firearms charges or subsequent convictions.

The rule in *Miller* that a technical violation can only occur while the parolee is at liberty was not violated here because Davis's technical violation was based solely on his conduct while on parole, specifically, his failure to report to parole authorities as instructed. Likewise, the rule in *Rivenbark* that a defendant cannot be committed as both a technical and convicted parole violator for the same criminal conduct was not violated here because the Board's reason for the technical violation, specifically his failure to report, is not the same as the firearms charges that led to his parole violation conviction. Because the Board's treatment of Davis's technical violation was independent and separate from the parallel development of the firearms charges that ultimately led to his parole violation conviction, the Board did not exceed its authority or otherwise err in revoking his parole, and his assertions in this regard lack merit.[4]

---

[4] In relation to Davis's belief that the Board wrongly imposed technical and convicted parole violations on him for the same conduct of wrongly possessing a firearm, he asserts that the Board's actions violated his double jeopardy protections. Davis's Br. at 13. Because the record shows that the Board provided different reasons for the violations, Davis's assertions are meritless. Moreover, parole recommitments are administrative rather than criminal in nature and so do not entail double jeopardy concerns. *Rivenbark*, 501 A.2d at 1113.

7

## B. Denial of Credit for Time at Liberty on Parole

Except in circumstances not at issue here, subsection 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(2.1) "clearly and unambiguously grants the Board discretion" to award or deny credit for time at liberty to a convicted parole violator who is recommitted to serve the remainder of his sentence, as long as the Board articulates a sufficient and contemporaneous reason for its decision. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473-74 (Pa. 2017). "[T]he reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id*. at 475 n.12. However, to ensure due process, the given reason must be supported by the record, "related to the parolee's offenses" to ensure it is not arbitrary, and specific enough to permit meaningful appellate review. *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 650-52 (Pa. Cmwlth. 2018). In *Marshall*, the Board denied street time credit because while on parole, the parolee committed "felony drug related crimes." *Id*. at 646-47. This Court rejected the Board's rationale because "it remains unclear how a drug-related conviction warrants denying credit for almost nine years of street time, which is more than the sentence Marshall received for his new conviction." *Id*. at 650 (footnote omitted). Further, the phrase "felony drug related crimes" implied that Marshall "committed multiple felony drug crimes when he was convicted of just one." *Id*.

This Court has consistently held that conviction on a new offense involving possession of a weapon, even standing alone, is sufficient to support denial of credit. *Kennedy v. Pa. Parole Bd.* (Pa. Cmwlth., No. 846 C.D. 2020, filed Nov. 17, 2022), slip op. at 6, 2022 WL 16984585, at *3 (unreported) (upholding Board explanation that parolee's new conviction "involved possession of a weapon" and

8

stating that this Court has "repeatedly held that this exact reason is sufficient, under *Pittman*, to support the Board's decision to deny credit"); *see also Little v. Pa. Parole Bd.* (Pa. Cmwlth., No. 420 C.D. 2024, filed Apr. 3, 2025), slip op. at 7, 2025 WL 1009364, at *4 (unreported) (same); *Carroll v. Pa. Parole Bd.* (Pa. Cmwlth., No. 756 C.D. 2020, filed March 30, 2021), slip op. at 6, 2021 WL 1185682, at *3 (unreported) (same); *Hayward v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1735 C.D. 2017, filed July 18, 2018), slip op. at 5, 2018 WL 3447033, at *2 (unreported) (same).[5]

Davis asserts that the Board's denial of street time credit was insufficient as it only "regurgitated" his new firearms convictions as the reason, did not explain why that was sufficient when the offenses were possessory and nonviolent, and failed to provide a fully individualized assessment of the circumstances. Davis's Br. at 15-17. The Board's initial determination from November 2024 stated that credit was denied because Davis "committed a new offense involving possession of a weapon[.]" C.R. at 153. In its subsequent decision, it defended its explanation as sufficient. *Id*. at 155. In its brief, the Board reiterates this position. Board's Br. at 10.

The Board is correct. This case is unlike *Marshall*, upon which Davis relies. Marshall had nine years of street time without any apparent violations, and those nine years, if forfeited, amounted to more than the sentence he received for his new conviction; additionally, he was convicted of only one new drug offense, but the Board's explanation implied incorrectly that there were multiple new convictions. 200 A.3d at 650. By contrast, Davis was on parole between July 2019

---

[5] Under Section 414(a) of this Court's Internal Operating Procedures, an unpublished memorandum opinion of this Court issued after January 15, 2008, although not binding precedent, may be cited for its persuasive value. 210 Pa. Code § 69.414(a).

and February 2021, less than two years, and his supervisory history reflects several issues during that time, including two failed drug tests and a delinquency declaration in October 2020 for failure to report. C.R. at 57. The three-year sentence Davis received for his new conviction of wrongfully possessing a firearm exceeded the time he was at liberty, and he was convicted of more than one offense, specifically possession of a weapon and making false statements to a federally licensed firearms dealer; these facts speak to the gravity of the new offense and distinguish this case from *Marshall*.

Moreover, as the above-cited cases reflect, the Board's explanation that a parolee has been convicted of a new offense involving possession of a firearm, even standing alone, has been deemed sufficient to deny street time credit without violating due process. *See Marshall*, 200 A.3d at 650-51. Notably, *Marshall* cited *Hayward* among a group of cases upholding Board denials of credit where the Board's explanations were brief but sufficiently specific and accurate. *Id*. at 650. Although *Hayward* and the other cases cited above are unreported, they are "particularly persuasive as they include the same reasoning by the Board for denying credit" here. *Kennedy*, slip op. at 6 n.8, 2022 WL 16984585, at *3 n.8. Because Davis has not shown that the Board's explanation for denying credit amounted to an abuse of discretion or a due process violation, his assertions in this regard are meritless.

Davis's alternative assertion that the Board abused its discretion in denying him street time credit because his new firearms convictions were not "assaultive charges," appears to be misplaced. The phrase "new charges serious/assaultive" is a checkbox used on the hearing officer's standard report form as a reason for recommitting a parolee as a convicted parole violator; it does not

10

appear in the checkbox selections for denial of street time credit. *See* C.R. at 116 & 120. Here, the hearing officer checked the "new charges serious/assaultive" box in his November 2024 report as a reason for revocation along with the boxes for new convictions, poor adjustment while under parole supervision, prior parole failures, not amenable to parole supervision, and threat to community safety. *Id*. at 120. The Board's ensuing decision formally recommitting Davis as a convicted parole violator adopted the hearing officer's reasons for doing so, including "new charges serious/assaultive." *Id*. at 152. Contrary to Davis's assertion, "new charges serious/assaultive" was not used by the Board as a basis to deny him street time credit; as discussed above, that denial was validly based solely on his new firearms convictions. Because Davis has not shown that the Board's reference to "new charges serious/assaultive" was part of its basis for denying him street time credit, his assertions in this regard are meritless.[6]

## IV. Conclusion

In light of the foregoing, the Board's April 14, 2025, order denying Davis's administrative appeal and affirming its prior determination recommitting

---

[6] Even if the Board had cited "new charges serious/assaultive" as a basis for denying street time credit, Davis's focus on the "assaultive" part of the phrase ignores the presence of "serious" with relation to the new charges. He presents no argument that "serious" in this context is limited to crimes involving assault or that, despite his status as a previously convicted felon on parole, his new convictions for possessing firearms, three of which were found when he was arrested in February 2021, and making false statements to a federally licensed firearms dealer, are not "serious" in nature. Both offenses are felonies carrying prison terms. *See* 18 U.S.C. § 924(a)(1); 18 Pa.C.S. § 6105(a.1)(1).

him to prison as a convicted parole violator and recalculating his maximum sentence date is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Basil Davis, :
                Petitioner :
            :
      v. :
            :
Pennsylvania Parole Board, : No. 606 C.D. 2025
               Respondent :

# **O R D E R**

AND NOW, this 12th day of August, 2026, the April 14, 2025, order of the Pennsylvania Parole Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge